# EXHIBIT 11

{00682541.DOCX}

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:

ROBYN SHOULDICE,

       Plaintiffs,

v.

UNIQUE VACATIONS, INC.,
a Florida corporation, SANDALS
RESORTS INTERNATIONAL, LTD.,
a foreign corporation d/b/a Beaches
Resorts,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

      Plaintiff, Robyn Shouldice, sues Defendants, UNIQUE VACATIONS, INC., a Florida

corporation ("UNIQUE"); and SANDALS RESORTS INTERNATIONAL, LTD, a foreign

corporation d/b/a Beaches Resorts ("SANDALS") and in support thereof states as follows:

### JURISDICTION PARTIES AND VENUE

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),
exclusive of interest and costs.

2.    At all times material, Plaintiff, ROBYN SHOULDICE, was and is a citizen of Canada.

3.    At all times material, Defendant, UNIQUE, is and was a Florida corporation with its
principal address at 4950 SW 72nd Avenue, 2nd Floor, Miami, Florida 33155.

1

4.   At all times material hereto, UNIQUE is and was the worldwide representative for SANDALS and solicits guests for it, sells vacation packages for it, sets up tour packages, makes travel and transfer accommodations for its guests and collects pre-paid room revenues, including for its affiliate or subsidiary companies Real Resorts Ltd and Beaches Management Limited.

5.   At all times material, Defendant, SANDALS is a foreign corporation doing business in the United States and Canada and is subject to be sued in Miami-Dade County, Florida.

6.   At all times material, SANDALS, controlled, maintained, owned, managed and operated a Beaches resort in Negril, Jamaica where ROBYN SHOULDICE, then a minor, was sexually assaulted by an employee of the Resort in question on March 11, 2012.

7.   Defendant, SANDALS is subject to personal jurisdiction of this Court as follows:

   a.   At all times material hereto, SANDALS, either personally or through its agents, including UNIQUE, operates, conducts, engages in and/or carries on a business or business venture for profit in Florida through: (1) its office or agency location in this state, to-wit: 4950 S.W. 72nd Avenue, Miami, Florida 33155, which coordinates all of the wedding arrangements, marketing and group sales for SANDALS and lists as its telephone number (800) SANDALS at the above address in Miami, Florida; (2) marketing of vacation packages to Florida travel agents through its agent, UNIQUE; (3) the international, interactive booking website, www.sandals.com, which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SANDALS.   Accordingly, personal jurisdiction over SANDALS is properly exercised pursuant to Fla. Stat.

48.193(1)(a);

b.   SANDALS and its agent, UNIQUE, are and were at all material times hereto, engaged in continuous, systematic, substantial and not isolated interstate activity in Florida, whether or not the claim arises from that activity, especially through SANDALS' website, www.sandals.com, which allows Florida residents to make reservations for hotels and resorts owned, operated, managed, and/or controlled by SANDALS.   Accordingly, personal jurisdiction over SANDALS is properly exercised pursuant to Fla. Stat. 48.193(2);

c.   SANDALS sells or leases tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms, and corporations in Florida and, therefore, is conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida pursuant to Fla. Stat. 48.181(3); and

d.   UNIQUE is a Florida corporation, which represents SANDALS "worldwide" according to SANDALS' marketing materials and is co-owner of the SANDALS trademark.   UNIQUE also coordinates all of the marketing and group sales for SANDALS, arranges the travel/tour packages for SANDALS' guests, accepts pre-payment from guests on behalf of SANDALS, and lists its telephone number as (800) SANDALS at the above address in Miami, Florida.   UNIQUE was the contact between Plaintiff and her family and SANDALS with respect to the subject SANDALS vacation on which ROBYN SHOULDICE, then a minor, was sexually

3

assaulted.   Accordingly, personal jurisdiction over SANDALS is properly exercised pursuant to Fla. Stat. 48.193(1)(a).

8.   Defendant, UNIQUE is subject to the personal jurisdiction of this Court as follows:

a.   UNIQUE either personally or through its agents, operates, conducts, engages in and/or carries on a business or business venture for profit in Florida through: (1) its office or agency location in this state, to-wit: UNIQUE VACATIONS, INC., 4950 S.W. 72nd Avenue, Miami, Florida 33155, which coordinates all the wedding arrangements, marketing and group sales for SANDALS and BEACHES; (2) marketing of vacation packages to Florida travel agents; (3) its international, interactive booking website, www.sandals.com and www.beaches.com which is accessible to Florida residents to book resorts that are owned, operated, managed and/or controlled by SANDALS.   Accordingly, personal jurisdiction over UNIQUE is properly exercised pursuant to Fla. Stat. 48.193(1)(a);

b.   UNIQUE is and was at all material times engaged in continuous, systematic, substantial and not isolated interstate activity in Florida, whether or not the claim arises from that activity, especially through its websites, www.sandals.com and www.beaches.com which allow Florida residents to make reservations for hotels and resorts owned, operated, managed and/or controlled by SANDALS. Accordingly, personal jurisdiction over UNIQUE is properly exercised pursuant to Fla. Stat. 48.193(2);

c.   UNIQUE sells or leases tangible and intangible personal property through brokers, jobbers, wholesalers, or distributors to persons, firms, and corporations in Florida

4

and therefore, is conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida, pursuant to Fla. Stat. 48.181(3);

  d.  UNIQUE is a Florida corporation, which represents SANDALS and its subsidiary or affiliated companies and is co-owner of the SANDALS trademark.  UNIQUE also coordinates all of the marketing and group sales for SANDALS and its resorts, arranges travel/tour packages for SANDALS guests, accepts pre-payment from guests on behalf of SANDALS and is located at the above address in Miami, Florida.  Accordingly, personal jurisdiction is properly exercised pursuant to Fla. Stat. 48.193(1)(a).

9.  Defendants, UNIQUE and SANDALS are engaged in substantial systematic and continuous corporate activities within Florida and are otherwise at home in Florida. SANDALS' officers and chairman of the board maintains an office in Miami, Florida. Further, SANDALS has purposefully availed itself of Florida and submitted to the jurisdiction of its courts by filing lawsuits in Miami-Dade County.  See *Sandals v. Brais and Assoc.*, Case No. 11-012041 and *Sandals v. Outdoor Comforts LLC*, Case No. 10-012456.

10.  Venue is proper in Miami-Dade County pursuant to Fla. Stat. §47.021 because Defendants maintain an office in Miami, Florida where they transact business.

11.  Upon information and belief and at all times material, Real Resorts Ltd and Beaches Management Limited were and are subsidiary or affiliated companies of UNIQUE and SANDALS.  Upon information and belief, Real Resorts Ltd. and Beaches Management

Limited were created by UNIQUE and SANDALS for the sole purpose of operating and managing the Beaches resort in Negril, Jamaica ("the Resort").   Both Real Resorts Ltd. and Beaches Management Limited were and are Jamaican companies and are either agents, apparent agents or co-venturers with UNIQUE and SANDALS.

12.     SANDALS does not directly employ staff at the Resort, except for certain managerial positions.   In this case, SANDALS gives the resort operators, Real Resorts, Ltd. and Beaches Management Limited authority to staff the resort with employees who must follow SANDALS policies and procedures.   SANDALS controls every aspect of the operation of the resort and promulgates policies and procedures that Real Resorts, Ltd and Beaches Management Limited must and do follow including employee conduct policies concerning all facets of employee conduct from grooming to policies concerning fraternization with guests.

## GENERAL ALLEGATIONS AS TO ALL COUNTS

13.     At all times material, the Resort through Defendants' literature and advertisements represented directly or indirectly that it provides a safe, secure and fun experience and that its resort is a safe and secure environment.

14.     Defendants promote and market that the Resort has unique and special programs available to children and teens.

15.     At all times material hereto, the Resort represented to the public in general, and to Plaintiff's parents, in particular, that Beaches of Negril, provides guests at the resort, including ROBYN SHOULDICE, a minor, a secure and safe activity-filled family vacation.

6

16.     In 2012, Robyn Shouldice was 16 years old and lived with her father, William Shouldice, mother, Jennifer Shouldice and brother Liam who was 12.

17.     William Shouldice is an employee of Jazz Aviation an affiliate of Air Canada.   As an airline employee, he is offered reduced rates with different companies, SANDALS being one of them.

18.     The Shouldices had seen multiple advertisements for Beaches Negril in newspapers, through travel agencies, on the internet and video and brochures in malls in Ontario.   The resort advertised itself as a "family atmosphere" with multiple events and activities for teenagers.

19.     Mr. Shouldice contacted the SANDALS offices in Toronto and asked about the availability on certain dates and the special reduced rates for airline employees at Beaches Negril.   He was advised that since he was an airline employee he would have to contact the head office in Miami directly and was provided an 800 number to call to receive the reduced rate.

20.     Mr. Shouldice contacted the Miami office of SANDALS and was informed that he would be required to provide a letter from his employer and to fill out a form, both of which were to be faxed back to the Miami office, which he did.

21.     After reading the letter and completing the requested form, Mr. Shouldice then phoned back to the Miami office of SANDALS and spoke to the interline department and booked the dates at the Resort in Negril.   He then provided payment over the phone using his Visa card.   The vacation was booked for the dates of March 6, 2012 to March 13, 2012.

22.     The next contact that Mr. Shouldice or his family had from anyone from SANDALS or the Resort was when they arrived at the Resort in Negril.

7

23. Payment for the stay at the Resort was made through UNIQUE, a representative of SANDALS on February 10, 2012. A second payment was made on March 1, 2012, to Unique Vacations of Sandals Resort, Florida in the amount of $883.10. A redacted copy of the credit card statement reflecting these payments is attached as Exhibit A.

24. When the Shouldice family arrived at the Resort on March 6, 2012, they were advised that they had been upgraded to receive Concierge Services.

25. Kevron Dwayne Salmon an employee of the Resort was assigned to serve as the Concierge for the Shouldice Family. The Resort hired, employed, controlled and otherwise supervised its employees, including Kevron Salmon who was assigned to provide concierge services to the Shouldice Family.

26. Throughout their stay at the Resort, Kevron Salmon ingratiated himself to the Shouldice family. He would set up chairs on the beach for them. He would advise the family of activities that were ongoing for teens and would see or have contact with the Shouldice family, in particular Robyn approximately 6 or more times a day. Throughout the stay Kevron Salmon would often approach Robyn while she was on the beach and sit on the chair with her and talk with her.

27. On or about March 11, 2012, the Shouldices second to last day at the Resort, Kevron Salmon approached Robyn on the beach and provided her with alcohol even though she is a minor. Kevron Salmon told her he would find her later that night as he had a "surprise" for her.

28. That evening Kevron approached Robyn while she was sitting with her family and quietly gestured for her to leave. Robyn excused herself from her family and told them she was

8

going to hang out with a friend whom she had met.

29.    Kevron Salmon then led Robyn to a small concrete shed by the pool.   Kevron Salmon opened the door with his keys and escorted Robyn into the room.   Upon entering, Robyn noted that there were several beers and a radio playing.   After they entered the shed, Kevron Salmon used his key to lock the door from the inside.

30.    While in the shed, Kevron Salmon began to kiss Robyn against her will.   She repeatedly resisted, however, he continued.   Robyn told Kevron Salmon to stop on several occasions and repeatedly asked to leave.   In response, Kevron Salmon told her to be quiet and that everything would be okay.

31.    While in the shed, Kevron Salmon raped Robyn Shouldice both vaginally and orally before allowing her to leave the shed.

32.    Kevron Salmon held Robyn captive against her will in excess of an hour.   Terrorized and traumatized, Robyn returned to her room, showered immediately.   While in the shower she vomited.   Terrified at what had happened, she did not immediately report this to her family.

33.    After returning to Canada, Kevron Salmon attempted to continue to stay in contact with Robyn by calling her cell phone and sending text messages.

34.    As a result of her anguish, Robyn began self-mutilating.   Her mother saw the wounds and scars and confronted Robyn.   Robyn told her parents she had been sexually assaulted by Kevron Salmon while at the Resort.

35.    The Canadian authorities were immediately contacted who forwarded their findings to Jamaican authorities.   As a result, a criminal prosecution of Kevron Salmon is underway.

## AGENCY

36.     At all times material, UNIQUE and SANDALS, as principals, consented to Real Resorts Ltd. and Beaches Management Limited acting as their agents.   Real Resorts Ltd and Beaches Management Limited similarly consented to act on behalf of UNIQUE and SANDALS to operate the Resort.   UNIQUE and SANDALS have control or the right to control Real Resorts Ltd. and Beaches Management Limited in the execution of their duties.   Real Resorts Ltd. and Beaches Management Limited have actual authority, express or implied, to act on behalf of UNIQUE and SANDALS with respect to the execution of their duties.

## APPARENT AGENCY

37.     In addition or in the alternative, Real Resorts Ltd. and Beaches Management Limited were the apparent agents of UNIQUE and SANDALS as principals.   Real Resorts Ltd. and Beaches Management Limited were acting within the scope of their apparent authority in the operation of the Sandals branded resort in question.   Real Resorts Ltd. and Beaches Management Limited were apparent agents of UNIQUE and SANDALS because their words and conduct caused Plaintiff to believe that Real Resorts Ltd. and Beaches Management Limited were agents of and had authority to act for UNIQUE and SANDALS with respect to the operation of the Resort.   The Shouldices justifiably relied upon that belief when they booked their trip and paid to be guests of the Resort.   Specifically, the Shouldices visited the Resort under a justifiable belief that it was a Sandals resort.

10

## JOINT VENTURE

38.     In addition or in the alternative, UNIQUE, SANDALS, Real Resorts Ltd. and Beaches Management Limited are engaged in a joint venture.   UNIQUE, SANDALS, Real Resorts Ltd. and Beaches Management Limited are parties to an express or implied contract the subject of which is the ownership and operation of the Resort.

39.     UNIQUE, SANDALS, Real Resorts Ltd. and Beaches Management Limited share a community of interest or a joint proprietary interest in the in the ownership, management and operation of the Resort.   UNIQUE, SANDALS, Real Resorts Ltd. and Beaches Management Limited have joint control or the right to control the operations of the Resort and a duty to share in the profits and losses.

## COUNT I
## NEGLIGENCE AS TO SANDALS

40.     At all times material hereto, ROBYN SHOULDICE was 16 years old and traveling with her parents as a part of a family vacation.   At all times material, SANDALS had a duty to exercise reasonable care under the circumstances for the health and personal safety of its guests including ROBYN SHOULDICE, a minor.

41.     At all times material SANDALS owed the duty to protect its guests, especially children like ROBYN SHOULDICE staying at the Resort, from willful and/or intentional and/or criminal conduct of Resort employees including but not limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

42.     Defendant breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and was negligent in one or more of the following respects:

      a.      By failing to promulgate, monitor and enforce rules of policies regarding the

11

prohibition against its employees having contact and interaction including sexual relations, with guests, particularly minors;

b.  By failing to have an adequate system in effect to prevent guests, and in particular children, from being sexually assaulted and battered by Defendant's employees;

c.  By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting children;

d.  By failing to adequately train its employees;

e.  By failing to adequately supervise its employees

f.  By hiring inexperienced or non-experienced security personnel;

g.  By performing inadequate security checks of the premises

h.  By failing to train, supervise, or discipline the employee in question;

i.  By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

j.  By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

k.  By failing to investigate similar incidents at its resorts;

l.  By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can

12

be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

43. As a direct and proximate result of the above described negligence, Plaintiff, ROBYIN SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.   These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages against Defendant, SANDALS together with interest and costs.

## COUNT II
## VICARIOUS LIABILITY AS TO SANDALS
### (Agency)

44. SANDALS was and is engaged in an agency relationship with Real Resorts Ltd. and Beaches Management Limited as alleged in Paragraph 37 above.

45. SANDALS is liable for the acts and omissions of its agents, Real Resorts Ltd. and Beaches Management Limited.

46. Real Resorts Ltd and Beaches Management Limited owed the duty to protect its guests, especially children like ROBYN SHOULDICE staying at the Resort, from willful and/or intentional and/or criminal conduct of its employees including but not limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

47. Real Resorts Ltd and Beaches Management Limited breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and were negligent in one

13

or more of the following respects:

a.    By failing to promulgate, monitor and enforce rules of policies regarding the prohibition against its employees having contact and interaction including sexual relations, with guests, particularly minors;

b.    By failing to have an adequate system in effect to prevent guests, and in particular children, from being sexually assaulted and battered by Defendant's employees;

c.    By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting children;

d.    By failing to adequately train its employees;

e.    By failing to adequately supervise its employees

f.    By hiring inexperienced or non-experienced security personnel;

g.    By performing inadequate security checks of the premises

h.    By failing to train, supervise, or discipline the employee in question;

i.    By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

j.    By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

k.    By failing to investigate similar incidents at its resorts;

14

l.    By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

48.   As a result, SANDALS is responsible for the negligence of its agents, Real Resorts Ltd and Beaches Management Limited as well as its own active negligence.

49.   As a direct and proximate result of the above described negligence, Plaintiff, ROBYN SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.   These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages against Defendant, SANDALS together with interest and costs.

## COUNT III
## VICARIOUS LIABILITY AS TO SANDALS
### (Apparent Agency)

50.   SANDALS was and is engaged in an apparent agency relationship with Real Resorts Ltd. and Beaches Management Limited as alleged in Paragraphs 38 above.

51.   SANDALS is liable for the acts and omissions of its apparent agents, Real Resorts Ltd. and Beaches Management Limited.

52.   Real Resorts Ltd and Beaches Management Limited, the duty to protect its guests, especially children like ROBYN SHOULDICE staying at the Resort, from willful and/or intentional and/or criminal conduct of its employees including but not limited to sexual

15

assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

53.   Real Resorts Ltd and Beaches Management Limited breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and were negligent in one or more of the following respects:

a.   By failing to promulgate, monitor and enforce rules of policies regarding the prohibition against its employees having contact and interaction including sexual relations, with guests, particularly minors;

b.   By failing to have an adequate system in effect to prevent guests, and in particular children, from being sexually assaulted and battered by Defendant's employees;

c.   By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting children;

d.   By failing to adequately train its employees;

e.   By failing to adequately supervise its employees

f.   By hiring inexperienced or non-experienced security personnel;

g.   By performing inadequate security checks of the premises

h.   By failing to train, supervise, or discipline the employee in question;

i.   By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

16

j.     By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

k.     By failing to investigate similar incidents at its resorts;

l.     By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

54.   As a result, SANDALS is responsible for the negligence of its apparent agents, Real Resorts Ltd and Beaches Management Limited as well as its own active negligence.

55.   As a direct and proximate result of the above described negligence, Plaintiff, ROBYN SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.   These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages against Defendant, SANDALS together with interest and costs.

## COUNT IV
## VICARIOUS LIABILITY AS TO SANDALS
### (Joint Venture)

56.   SANDALS and Real Resorts Ltd. and Beaches Management Limited are engaged in a joint venture as described in Paragraph 39-40 above.

57.   SANDALS is liable for the acts and omissions of its co-venturers, Real Resort Ltd and

17

Beaches Management Limited.   SANDALS is further liable for the negligence of the Resort's servants even if SANDALS did not actually employ them.

58.     Real Resorts Ltd and Beaches Management Limited, owed invitees and guests the duty to protect its guests, especially children like ROBYN SHOULDICE staying at the Resort, from willful and/or intentional and/or criminal conduct of its employees including but not limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

59.     Real Resorts Ltd and Beaches Management Limited breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and were negligent in one or more of the following respects:

a.      By failing to promulgate, monitor and enforce rules of policies regarding the prohibition against its employees having contact and interaction including sexual relations, with guests, particularly minors;

b.      By failing to have an adequate system in effect to prevent guests, and in particular children, from being sexually assaulted and battered by Defendant's employees;

c.      By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting children;

d.      By failing to adequately train its employees;

e.      By failing to adequately supervise its employees

f.      By hiring inexperienced or non-experienced security personnel;

g.      By performing inadequate security checks of the premises

18

    h.      By failing to train, supervise, or discipline the employee in question;

    i.      By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

    j.      By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

    k.      By failing to investigate similar incidents at its resorts;

    l.      By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

60.      As a result, SANDALS is responsible for the negligence of its co-venturers, Real Resorts Ltd and Beaches Management Limited as well as its own active negligence.

61.      As a direct and proximate result of the above described negligence, Plaintiff, ROBYN SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.   These damages are permanent and continuing in nature.

       WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages against Defendant, SANDALS together with interest and costs.

19

## COUNT V
## VICARIOUS LIABILITY AS TO UNIQUE
## (Agency)

62.     UNIQUE was and is engaged in an agency relationship with Real Resorts Ltd. and Beaches

Management Limited as alleged in Paragraph 37 above.

63.     UNIQUE is liable for the acts and omissions of its agents, Real Resorts Ltd. and Beaches

Management Limited.

64.     Real Resorts Ltd and Beaches Management Limited, owed invitees and guests the duty to

protect its guests, especially children like ROBYN SHOULDICE staying at the Resort,

from willful and/or intentional and/or criminal conduct of its employees including but not

limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or

sexual molestation.

65.     Real Resorts Ltd and Beaches Management Limited breached the duty to exercise

reasonable care for the safety of its guests, including Plaintiff, and were negligent in one

or more of the following respects:

a.      By failing to promulgate, monitor and enforce rules of policies regarding the

prohibition against its employees having contact and interaction including sexual

relations, with guests, particularly minors;

b.      By failing to have an adequate system in effect to prevent guests, and in particular

children, from being sexually assaulted and battered by Defendant's employees;

c.      By failing to adequately screen its employees, or otherwise conduct adequate

background checks on its employees, to prevent the hiring of sexual predators who

prey on unsuspecting children;

20

    d.     By failing to adequately train its employees;

    e.     By failing to adequately supervise its employees

    f.     By hiring inexperienced or non-experienced security personnel;

    g.     By performing inadequate security checks of the premises

    h.     By failing to train, supervise, or discipline the employee in question;

    i.     By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

    j.     By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

    k.     By failing to investigate similar incidents at its resorts;

    l.     By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

66.    As a result, UNIQUE is responsible for the negligence of its agents, Real Resorts Ltd and Beaches Management Limited as well as its own active negligence.

67.    As a direct and proximate result of the above described negligence, Plaintiff, ROBYN SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has

sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.   These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages against Defendant, UNIQUE together with interest and costs.

**COUNT VI**
**VICARIOUS LIABILITY AS TO UNIQUE**
**(Apparent Agency)**

68.   UNIQUE was and is engaged in an apparent agency relationship with Real Resorts Ltd. and Beaches Management Limited as alleged in Paragraphs 38 above.

69.   UNIQUE is liable for the acts and omissions of its apparent agents, Real Resorts Ltd. and Beaches Management Limited.

70.   Real Resorts Ltd and Beaches Management Limited, owed invitees and guests the duty to protect its guests, especially children like ROBYN SHOULDICE staying at the Resort, from willful and/or intentional and/or criminal conduct of its employees including but not limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or sexual molestation.

71.   Real Resorts Ltd and Beaches Management Limited breached the duty to exercise reasonable care for the safety of its guests, including Plaintiff, and were negligent in one or more of the following respects:

a.   By failing to promulgate, monitor and enforce rules of policies regarding the prohibition against its employees having contact and interaction including sexual relations, with guests, particularly minors;

b.   By failing to have an adequate system in effect to prevent guests, and in particular

22

children, from being sexually assaulted and battered by Defendant's employees;

c.      By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting children;

d.      By failing to adequately train its employees;

e.      By failing to adequately supervise its employees

f.      By hiring inexperienced or non-experienced security personnel;

g.      By performing inadequate security checks of the premises

h.      By failing to train, supervise, or discipline the employee in question;

i.      By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

j.      By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

k.      By failing to investigate similar incidents at its resorts;

l.      By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

72.     As a result, UNIQUE is responsible for the negligence of its apparent agents, Real Resorts

Ltd and Beaches Management Limited as well as its own active negligence.

73.     As a direct and proximate result of the above described negligence, Plaintiff, ROBYN

SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish,

emotional distress, permanent injury, loss of wages, incurred medical expenses and has

sustained a loss of the capacity for the enjoyment of life in the past and will incur these

damages in the future.   These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages

against Defendant, UNIQUE together with interest and costs.

### COUNT VII
### VICARIOUS LIABILITY AS TO UNIQUE
### (Joint Venture)

74.     UNIQUE and Real Resorts Ltd. and Beaches Management Limited are engaged in a joint

venture as described in Paragraph 39-40 above.

75.     UNIQUE is liable for the acts and omissions of its co-venturers, Real Resort Ltd and

Beaches Management Limited.   UNIQUE is further liable for the negligence of the

Resort's servants even if UNIQUE did not actually employ them.

76.     Real Resorts Ltd and Beaches Management Limited, owed invitees and guests the duty to

protect its guests, especially children like ROBYN SHOULDICE staying at the Resort,

from willful and/or intentional and/or criminal conduct of its employees including but not

limited to sexual assault, sexual battery, sexual abuse, unwarranted sexual touching, and/or

sexual molestation.

77.     Real Resorts Ltd and Beaches Management Limited breached the duty to exercise

reasonable care for the safety of its guests, including Plaintiff, and were negligent in one

24

or more of the following respects:

a.     By failing to promulgate, monitor and enforce rules of policies regarding the prohibition against its employees having contact and interaction including sexual relations, with guests, particularly minors;

b.     By failing to have an adequate system in effect to prevent guests, and in particular children, from being sexually assaulted and battered by Defendant's employees;

c.     By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting children;

d.     By failing to adequately train its employees;

e.     By failing to adequately supervise its employees

f.     By hiring inexperienced or non-experienced security personnel;

g.     By performing inadequate security checks of the premises

h.     By failing to train, supervise, or discipline the employee in question;

i.     By deliberately creating an environment whereby guests would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with employees where, in reality, guests, particularly minors, are at risk of being targeted and sexually assaulted.

j.     By covering up prior sexual assaults at Defendants resorts, thereby preventing the public from gaining knowledge regarding potential dangers at Defendants resorts regarding sexual assaults;

k.     By failing to investigate similar incidents at its resorts;

25

l.      By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or guests could be warned of the dangers posted to their health and physical and mental well-being.

78.    As a result, UNIQUE is responsible for the negligence of its co-venturers, Real Resorts Ltd and Beaches Management Limited as well as its own active negligence.

79.    As a direct and proximate result of the above described negligence, Plaintiff, ROBYN SHOULDICE, sustained serious personal injuries, pain and suffering, mental anguish, emotional distress, permanent injury, loss of wages, incurred medical expenses and has sustained a loss of the capacity for the enjoyment of life in the past and will incur these damages in the future.   These damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, ROBYN SHOULDICE, demands judgment for damages against Defendant, UNIQUE together with interest and costs.

## DAMAGES

As a direct and proximate result of the rape suffered by Plaintiff, ROBYN SHOULDICE, a minor, Defendant is liable for all damages as follows:

a.    Bodily injuries and resulting pain and suffering;

b.    Disability;

c.    Disfigurement;

d.    Mental anguish;

e.    Loss of capacity for the enjoyment of life;

f.    Expense of hospitalization, medical and nursing care and treatment; and/or

g.      Loss of earnings and loss of ability to earn money.

The losses are either permanent or continuing and Plaintiffs will suffer the losses in the future.    These damages were the direct and proximate result of the negligence of UNIQUE, SANDALS, their agents, apparent agents and co-venturers.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury.

Dated: May 14, 2015

Respectfully submitted,

By:  *David R. Heffernan*
DAVID R. HEFFERNAN, ESQ.
Attorney for Plaintiff
Florida Bar No.   0893005
Kaire & Heffernan, LLC.
80 S.W. 8th Street
Suite 1710
Miami, FL   33131
Tel.:   (305) 372-0123
Email:   David@kairelaw.com
          Maggie@kairelaw.com

AND

By: *Robert L. Parks*
ROBERT R. PARKS, ESQ.
Co-Counsel for Plaintiff
Florida Bar No. 61436
The Law Offices of Robert L. Parks, P.L.
799 Brickell Plaza
Suite 900
Miami, FL   33131
Tel.: (305) 445-4430
Fax: (305) 4431
Email: legal@rlplegal.com
          Bob@rlplegal.com

27

# Transactions from February 5 to March 4, 2012

## Your payments

| Trans date | Post date | Description | Amount($) |
|---|---|---|---|
| Feb 13 | Feb 14 | PAYMENT THANK YOU/PAIEMENT MERCI | 2,000.00 |
| **Total payments** | | | **$2,000.00** |

## Your interest

| Trans date | Post date | Description | Annual interest rate | Amount($) |
|---|---|---|---|---|
| Mar 04 | Mar 04 | REGULAR PURCHASES | 11.99% | 130.35 |
| Mar 04 | Mar 04 | CASH ADVANCES | 11.99% | 28.51 |
| **Total interest this period** | | | | **$158.86** |

## Your new charges and credits

| Trans date | Post date | Description | Spend Categories | Amount($) |
|---|---|---|---|---|
| Card number | | | | |
| Feb 09 | Feb 10 | UNIQUE VAC/REP OF SANDAL 8007263257 FL  2,218.04 USD @ 1.021717372** | Foreign Currency Transactions | 2,266.21 |
| Mar 01 | Mar 02 | UNIQUE VAC/REP OF SANDAL 8007263257 FL  871.12 USD @ 1.013752411** | Foreign Currency Transactions | 883.10 |
| **Total for** | | | | **$3,703.39** |
| Card number | | | | |
| Feb 28 | Feb 29 | RESERVATION REWARDS 800-732-7031 CT | Professional and Financial Services | 12.00 |
| **Total for** | | | | **$12.00** |

** Denotes transaction in foreign currency

Page **2** of 3

## Information about your CIBC Select Visa account

If you find an error or irregularity (including possible unauthorized or fraudulent Transactions) in this statement you must tell us within 30 days of the first day of the statement period shown on the front of this statement. If you do not, we may regard this statement as Final (except for credits which have been posted as interest).

**How we charge interest: a) On Purchases :** If interest is charged on a Purchase, it is charged retroactively from the Transaction date until we receive a payment which covers the Purchase, as described in the Application of Payments section of the Cardholder Agreement. **b) On Cash Advances, Convenience Cheques or Balance Transfers:** Interest is charged on Cash Advances from the date they are taken. Interest is charged on Convenience Cheques and Balance Transfers from the date they are posted to the credit card account. We stop charging interest on the day we receive a payment which covers the amount of the Cash Advance, Balance Transfer or Convenience Cheque, as the case may be, as described in the Application of Payments section of the Cardholder Agreement. **Payment period extensions:** If we did not receive a full payment of the Balance on your last monthly statement, your payment due date was automatically extended this month to give you extra time to make your payment. Interest will continue to accrue for the extended period. When we receive your full Balance, your payment due date will change back to your regular payment due date, which is at least 21 days after the statement date.

**Foreign currency Transactions are converted to Canadian dollars on or after the Transaction date but not later than the date the Transaction is posted to your credit card account. At the time of currency conversion, you are charged the same conversion rate CIBC must pay plus a fee of 2.5% of the converted amount, on both debits and credits

†The cash limit forms part of the credit limit. They are not additive.

For more information, please refer to the CIBC Cardholder Agreement.

™ Trademark of CIBC.


PLAINTIFF'S EXHIBIT