# EXHIBIT 13

{00682541.DOCX}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN HUTCHINGS f/k/a ROBIN HASTON, | ) ) ) |
| Plaintiff, | ) ) ) CASE NO. 1:17-cv-791- |
| v. | ) ) |
| INTERCONTINENTAL HOTELS GROUP PLC, and SC HOTELS AND RESORTS (JAMAICA) LIMITED d/b/a HOLIDAY INN RESORT MONTEGO BAY f/k/a HOLIDAY INN SUNSPREE RESORT MONTEGO BAY. | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, ROBIN HUTCHINGS f/k/a ROBIN HASTON (hereinafter "Robin Hutchings"), and for her Complaint for Damages against Defendants, INTERCONINENTAL HOTELS GROUP PLC (hereinafter "IHG, PLC"), and SC HOTELS AND RESORTS (JAMAICA) LIMITED d/b/a HOLIDAY INN RESORT MONTEGO BAY f/k/a HOLIDAY INN SUNSPREE RESORT MONTEGO BAY, (hereinafter "Holiday Inn Sunspree"), alleges and states as follows:

## NATURE OF ACTION

1. This is a civil action for damages arising from the torture and rape of Robin Hutchings on March 31, 2015, while she was a registered guest at the Holiday Inn Sunspree Resort in Montego Bay Jamaica arising out of the negligence of the Defendants to provide adequate security.

2. In the early morning hours of March 31, 2015, Robin Hutchings was in a locked stall in a women's restroom in the Holiday Inn Sunspree resort, when Yoandir Puga Estevez, Tomas Cruz Rodriguez, Yordan Santa Cruz Vora, and Jorge Luis Clavelo—another member of the Cuban National Soccer Team—entered the restroom.

3. Yoandir Puga Estevez, Tomas Cruz Rodriguez, and Yordan Santa Cruz Vora took turns, jumped over the locked stall, and viciously tortured and raped Robin Hutchings.

## JURISDICTION, VENUE AND PARTIES

4. Jurisdiction in this Court is founded upon diversity of citizenship under 28 U.S.C.A§1332(a) and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

5. At all relevant times Robin Hutchings was a resident and citizen of the Town of Avon, County of Hendricks, State of Indiana, United States of America.

6. Defendant, SC Hotels & Resorts (Jamaica) Limited d/b/a Holiday Inn Resort Montego Bay f/k/a Holiday Inn Sunspree Resort Montego Bay, is and was at all times pertinent to this action, a Jamaican business of unknown origin that on March 31, 2015 owned and operated a hotel facility at A1, Montego Bay, Jamaica, W.I. where it charged guests a nightly/daily fee for lodging and other uses of its facility.

7. Defendant, SC Hotels & Resorts (Jamaica) Limited d/b/a Holiday Inn Resort Montego Bay f/k/a Holiday Inn Sunspree Resort Montego Bay, at all times pertinent to this action, did business within the State of Indiana, including with the Plaintiff, and also held itself out as provider of hotel services in the State of Indiana.

8. Defendant, Intercontinental Hotels Group PLC, is and was at all material times, a United Kingdom public liability company, doing business as owners and franchisors of

2

hospitality properties, including a chain known as Holiday Inn Resort on March 31, 2015, and before had an ownership and management interest in the name, franchise, and property known as SC Hotels & Resorts (Jamaica) Limited d/b/a Holiday Inn Resort Montego Bay f/k/a Holiday Inn Sunspree Resort Montego Bay located at A1, Montego Bay, Jamaica, W.I.

9. Defendant, Intercontinental Hotels Group PLC, at all times pertinent to this action, did business within the State of Indiana including, with the Plaintiff, and also held itself out as provider of hotel services in the State of Indiana.

**FACTUAL BACKGROUND**

10. On March 31, 2015, Robin Hutchings and her boyfriend at the time and now husband, Vic Hutchings, were guests at the Holiday Inn Sun Spree in Montego Bay, Jamaica.

11. On March 31, 2015, the Cuban National Soccer Team was in Jamaica for a game against Jamaica's Reggae Boyz Soccer Team and was also staying at the Holiday Inn Sunspree Resort.

12. In the early morning hours of March 31, 2015, Robin Hutchings and her boyfriend at the time and now husband, Vic Hutchings, visited an establishment located on the second floor of the resort.

13. While visiting the establishment, Robin Hutchings walked down the hall to use the women's restroom.

14. Robin Haston entered the women's restroom, entered a stall, and locked the stall door.

15. While Robin Hutchings was in the locked stall, four (4) members of the Cuban National Soccer Team entered the women's restroom.

3

16. Three (3) Cuban soccer team members jumped over the locked stall, and viciously raped and tortured Robin Hutchings.

17. Vic Hutchings became concerned that Robin Hutchings had not yet returned from the restroom, so he walked down the hall toward the women's restroom to check on her.

18. As Vic Hutchings walked down the hall, he could hear Robin Hutchings screaming in the women's restroom.

19. Vic Hutchings entered the women's restroom and physically fought off the attackers.

20. At no time before or during the attack was hotel security present to protect the Plaintiff.

21. Defendants, Intercontinental Hotels Group PLC and SC Hotels & Resorts (Jamaica) Limited d/b/a Holiday Inn Resort Montego Bay f/k/a Holiday Inn Sunspree Resort Montego Bay's video surveillance camera recorded the attackers but no one responded to the emergency until the Plaintiff requested assistance after the brutal attack.

### III. DEFENDANTS' NEGLIGENCE

22. Defendants, Intercontinental Hotels Group PLC and SC Hotels & Resorts (Jamaica) Limited d/b/a Holiday Inn Resort Montego Bay f/k/a Holiday Inn Sunspree Resort Montego Bay, owed Plaintiff, Robin Haston, their guest and a business invitee on their premises, the duty of reasonable care for her safety and to maintain their premises in a reasonably safe condition for her use. These Defendants breached their duties and were negligent as follows:

   a. Failure to have security on duty in the one area of the hotel that was still open to guests;
   b. Failure to assign a qualified employee to monitor the video surveillance;
   c. Failure to place the video monitor in an accessible and visible place to ensure reasonable surveillance;

4

d.  Failure to provide adequate safety surveillance of the area near the bar and women's restroom where the Plaintiff, Robin Hutchings, was attacked;
e.  Failure to respond timely to a guest in distress and disregarding their guest in distress, while she was followed into the women's restroom and viciously attacked.

23. Defendants by and through their agents and employees acting within the scope of their employment owed their guest, the Plaintiff, Robin Hutchings, the duty of reasonable care for her safety and the safety of the inn premises. Defendants' manager breached his/her duties and was negligent in failing to assign a staff person whose primary responsibility was to monitor the video surveillance, failing to place the surveillance monitor in any location where it was reasonably likely to be monitored or even seen by the staff, failing to attend to a hotel guest in distress, and failing to attend prudently to video surveillance of the area where the Plaintiff was attacked. Defendants are vicariously liable for the negligence of their employees on duty at the SC Hotels & Resorts (Jamaica) Limited d/b/a Holiday Inn Resort Montego Bay f/k/a Holiday Inn Sunspree Resort Montego Bay on March 31, 2015.

24. Each of these acts and omissions on the part of Defendants and their agents, employees and representatives was a proximate cause of the vicious attack on Plaintiff and the loss and damages she has sustained.

25. As a result of the negligence of Defendants and their agents, Plaintiff, Robin Hutchings has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBIN HUTCHINGS f/k/a ROBIN HASTON, prays for judgment and an award of damages against Defendants, as follows:

(a) for special damages, to include past and future medical and incidental expenses, according to proof;

5

(b)  for past and future loss of earnings and/or earning capacity, according to proof;

(c)  for past and future general damages, including pain and suffering, emotional distress and mental anguish, according to proof;

(d)  for exemplary and punitive damages in an amount to be determined at trial;

(e)  for pre-judgment and post-judgment interest;

(f)  for the costs of this action, including reasonable attorneys' fees;

(g)  a trial by jury; and

(h)  granting any and all such other and further relief as the Court deems necessary, just, and proper in the premises.

DATED: March 15, 2017

Respectfully submitted,

**SHARTZER LAW FIRM, LLC**

/s/Jason A. Shartzer_____
Jason A. Shartzer
Indiana Bar No. 23989-49

**SHARTZER LAW FIRM, LLC**
**10th Floor, Suite 1000**
**156 E. Market Street**
**Indianapolis, IN 46204**
**(317) 969-7600**
**(317) 969-7650 Fax**
**Email: jshartzer@shartzerlaw.com**

COUNSEL FOR PLAINTIFF

6