# EXHIBIT 18

{00682541.DOCX}

Case 1:17-cv-21703-MGC   Document 162-18   Entered on FLSD Docket 12/21/2019   Page 2 of 5

UNIQUE VACATIONS, INC. VIOLATIONS OF 49 U.S.C. S..., 2010 WL 6465270...

2010 WL 6465270 (D.O.T.)

Department of Transportation (D.O.T.)

UNIQUE VACATIONS, INC. VIOLATIONS OF 49 U.S.C. § 41712 AND 14 CFR 399.84

Docket DOT-OST 2010-0005
Order 2010-11-7

**Issued by the Department of Transportation On the Eighth Day of November, 2010**

November 8, 2010
Serve November 8, 2010

**CONSENT ORDER**

*1 This consent order concerns advertisements by Unique Vacations, Inc., ("Unique Vacations") that were published in print and electronic media for Sandals Resorts that violate the Departnient's price advertising requirenients specified in section 399.84 of the Department's regulations (14 CFR 399.84) and constitute unfair and deceptive trade practices and unfair methods of conipetition in violation of 49 U.S.C. § 41712. This order directs Unique Vacations to cease and desist from future violations and assesses the company compromise civil penalties of $200,000. Unique Vacations, as a ticket agent selling air tour packages, is subject to the advertising requirements of Part 399 of the Department's rules. Under 14 CFR 399.84, any advertising that states a price for air transportation or an air tour is considered to be an unfair or deceptive practice in violation of 49 U.S.C. § 41712 unless the price stated is the entire price to be paid by the customer to the air carrier or ticket agent for such air transportation, tour or tour component. However, as a matter of enforcement policy, the Department has permitted air carriers and ticket agents to state separately from the advertised price taxes and fees imposed by a goverinient on a per-passenger basis, such as passenger facility charges, so long as their amounts appear or are indicated clearly in the advertisement so that the consumer can determine the full price to be paid.[1] Taxes and fees imposed on an *ad valorem* basis, however, must be included in the advertised price. Carrier- or agent-imposed surcharges, e.g., fuel, insurance, and service charges, or other such costs, must be included in the advertised price. With respect to air fares and air tours advertised on the Internet, taxes and fees that are permitted to be excluded from the advertised price may be noted in a prominent link, placed proximately to the stated price, that takes the viewer to the bottom of the screen, or to a place on a separate screen, where the nature and amount of such fees are displayed.[2]

Unique Vacations specializes in offering travel packages, which include air fare, hotel, guided tours, and related amenities, particularly to Sandals and Beaches resorts in the Caribbean, including Jamaica, St. Lucia, Antigua and The Bahamas.[3] Unique Vacations has promoted its air travel packages through printed advertisements in newspapers such as *The New York Times*, trade magazines, television, flyers and other mailers, outdoor advertising, and by means of advertisements that are published on various online sites, including its web site, www.Sandals.com.

An investigation by the Department's Office of Aviation Enforcement and Proceeding ("Enforcement Office") disclosed that the air fares and air tour packages promoted by Unique Vacations to Sandals Resorts and its affiliates in advertisements in various print and electronic media did not comply with Department requirements. Specifically, Unique Vacations deceptively advertised "free" air fares in connection with air plus land packages when, in fact, consumers would in some cases be required to pay an amount ostensibly representing "airline costs," which could include "fuel surcharges." Moreover, Unique Vacations advertisements for Sandals Resorts failed to provide adequate notice that certain taxes and fees would be assessed on these so-called "free" air fares, and must be paid by the passenger, or disclose the amount of these "airline costs" or a range.

PLAINTIFF'S EXHIBIT 7   10-3-19

Case 1:17-cv-21703-MGC   Document 162-18   Entered on FLSD Docket 12/21/2019   Page 3 of 5

UNIQUE VACATIONS, INC. VIOLATIONS OF 49 U.S.C. S..., 2010 WL 6465200...

*2  For example, in connection with its advertisement in *The New York Times* of an air travel package to Sandals Resorts, entitled "Fly Free. Love is in the Air," Unique Vacations included the follovng fine print notice at the bottom of the page where the "free" portion of the air fare is promoted:

> *Fly Free offer is … fulfilled as credit toward land portion of booking based on double occupancy, minimum 3 night stay, $350 airfare per person for travel to Jamaica or Bahamas, $450 per person for travel to St. Lucia, $550 per person for travel to Antigua. Maximum two-person limit for offer. In some cases, offer may not cover all airline costs, taxes and fuel surcharges. Cancellation penalties, deposits and other fees for airfare may apply.

Similar advertisements were published thousands of times on the Internet, in numerous major newspapers and were broadcast via television throughout the United States. In addition, on the Sandals Resorts web site. Unique Vacations published a similar promotion with the offer to "Fly Free to the Sandals Royal Caribbean Resort and Private Island," in which similar violations were evident.

By advertising air fares as "free" when consumers received only a limited dollar credit toward an air fare and would be required to pay additional airline costs and fuel surcharges imposed by carriers, or other surcharges collected by Unique Vacations, and by failing to provide consumers adequate notice of taxes and fees (that are permitted to be stated separately under the Department's policies, but that had to be paid in order to obtain a "free" air fare). Unique Vacations violated section 399.84 and related Department precedent, and engaged in an unfair and deceptive trade practice in violation of 49 U.S.C. § 41712.

In explanation and mitigation, Unique Vacations states that it strives to conduct its business in full conformity with all applicable Federal and state laws and regulations and any violation set forth herein was unintentional. The object of the "Love is In the Air" promotion, the firm explains, was to provide travelers a credit toward the full cost of a travel package. Its choice of the phrase "free" air fares in connection with those air plus land packages and the apparent statement that consxmiers might be required to pay an amount ostensibly representing "airline costs," which could include "fuel surcharges" were inartful, the firm says. Unique Vacations states further that its research indicates that no customer of Sandals Resorts was actually charged any additional airline surcharges, costs or fees other than government-imposed taxes and fees. Unique Vacations also discloses that the firm did not receive any customer complaints regarding the challenged advertising. The firm states that it believes only that it failed to identify properly the September 11th Security Fee or to provide adequate notice to consumers of the nature and amount, or a range, of the applicable government-imposed taxes and fees that they would be required to pay.

*3  Unique Vacations declares that it has begun working in depth wdth the Nassau Paradise Island Promotion Board and others involved in their joint promotions of resorts in Nassau to ensure compliance with all of the applicable Department disclosure requirements.

Finally, Unique Vacations states that in fact, it has always strived to conduct its marketing business in compliance with all applicable Department rules and regulations. One of Unique Vacation's stated commitments, the firm reports, is to "avoid consumer confusion," and it believes that the numerous travel awards that it has received, together with return guest statistics that exceed industry standards, are reflective of that fact.

The Enforcement Office has carefully considered all of the information available to it, including that provided by Unique Vacations, but continues to believe that enforcement action is warranted. In this connection and in order to avoid litigation, the Enforcement Office and Unique Vacations have reached a settlement in this matter. While neither admitting nor denying the above allegations. Unique Vacations accepts the findings and conclusions stated herein in order to avoid potential litigation. Under this order. Unique Vacations agrees to cease and desist from future violations of

Case 1:17-cv-21703-MGC   Document 162-18   Entered on FLSD Docket 12/21/2019   Page 4 of 5

UNIQUE VACATIONS, INC. VIOLATIONS OF 49 U.S.C. S..., 2010 WL 64652⬛0...

49 U.S.C. §41712 and 14 CFR 399.84, and to the assessment of $200,000 in compromise of potential penalties otherwise assessable under the provisions of 49 U.S.C. § 46301. Of this penalty amount, $100,000 shall be due and payable as follows: $40,000 shall be due and payable within 15 days of the date of issuance of this order; three additional payments of $20,000 each shall be due and payable on March 15, 2011, on September 15, 2011, and on March 15, 2012, respectively. Of the remaining portion of the civil penalty amount, $100,000 shall become due and payable if, within eighteen months of the date of issuance of this order. Unique Vacations violates this order's cease and desist provisions or fails to comply with this order's payment provisions, in which case. Unique Vacations may become subject to additional enforcement action for violation of the order. The Enforcement Office believes that the assessment of a civil penalty of $200,000 is appropriate in light of the nature and extent of the violations in question and will provide an effective deterrent to unlawful conduct in the future by Unique Vacations and other sellers of air transportation.

This order is issued under the authority contained in 49 CFR 1.57a and 14 CFR 385.15.

ACCORDINGLY,

1. Based on the above discussion, we approve this settlement and the provisions of this order as being in the public interest;

2. We find that Unique Vacations, Inc., violated 14 CFR 399.84, as described above, by causing to be published advertisements that failed to state the entire price to be paid by the passenger to the firm for certain air transportation;

3. We find that by engaging in the conduct described in paragraph 2, above. Unique Vacations, Inc., engaged in an unfair and deceptive practice and an unfair method of competition in violation of 49 U.S.C. § 41712;

*4 4. We direct Unique Vacations, Inc., and all other entities owmed and controlled by, or under common ownership and control with Unique Vacations, Inc., and their successors and assignees, to cease and desist hrom future violations of 14 CFR 399.84 and 49 U.S.C. § 41712;

5. We assess Unique Vacations, Inc., $200,000 in compromise of civil penalties that might otherwise be assessed for the violations found in paragraphs 2 and 3 of this order; of this penalty amotmt, $100,000 shall be due and payable as follows: $40,000 shall be due and payable within 15 days of the date of issuance of this order; three additional payments of $20,000 each shall be due and payable on March 15, 2011, on September 15, 2011, and on March 15, 2012, respectively. The remaining portion of the civil penalty amount, $100,000 shall become due and payable if, within eighteen months of the date of issuance of this order. Unique Vacations, Inc., violates this order's cease and desist provisions or fails to comply with this order's payment provisions, in which case. Unique Vacations, Inc., may become subject to additional enforcement action for violation of the order. Payments shall be made by wire transfer through the Federal Reserve Communications System, commonly known as "Fed Wire," to the account of the U.S. Treasury. The wire transfers shall be executed in accordance with the instructions contained in the Attachment to this order;

6. Failure to pay the compromise assessment as ordered will subject Unique Vacations, Inc., to the assessment of interest, penalty, and collection charges under the Debt Collection Act, and possible enforcement action for failure to comply with this order; and

7. We order Unique Vacations, Inc., to submit to the Office of Aviation Enforcement and Proceedings copies of (a) all advertisements of air tours or air tour components it causes to be published in printed format, broadcasts or otherwise circulates as current during the last 20 days of the eighteen month period following the issuance of this order; and (b) printouts of screen displays advertising air totir prices on its Internet site for the 15* day of each month during the eighteen month period following issuance of this order. This material shall be submitted within 15 days of the conclusion of the referenced eighteen month period.

003

Case 1:17-cv-21703-MGC   Document 162-18   Entered on FLSD Docket 12/21/2019   Page 5 of 5

UNIQUE VACATIONS, INC. VIOLATIONS OF 49 U.S.C. S..., 2010 WL 6465270...

This order will become a final order of the Department 10 days after its service unless a timely petition for review is filed or the Department takes review on its own motion.

BY:

ROSALIND A. KNAPP
Deputy General Counsel

Footnotes

1     *See, e. .,* Costa Cruise Lines N.V., Order 2009-9-3.

2     *See, e. .,* China Focus, Inc., Order 2010-9-6; Prestige Cruise Holdings, Inc., Order 2010-4-1; JTB Corporation, Order 2008-12-24; Trafalgar Tours West, Order 2007-8-24; Grand Circle Travel Corp, Order 2006-7-23; and orders cited therein, and the notice entitled: Disclosure of Addihonal Fees, Charges and Restrictions on Air Fares in Advertisements, Including "Free" Airfares, which is dated September 4, 2003, as well as guidance letters to the industry which can be found at: http://airconsumer.ost.dot.gov/rules/guidance.htm.

3     Unique Vacations, Inc., states that it is "the worldwide representative of" and "provides advertising and marketing services" to Sandals Resorts, "a group of aUinclusive hotels in the Caribbean." Unique Vacations further states that "it does not operate, manage or supervise any of the hotels." Sandals Resorts International operates Sandals Resorts and its affiliates, which include Beaches Resorts (www.beaches.com), The Royal Plantations Collection, and Grand Pineapple Beach Resorts.

2010 WL 6465270 (D.O.T.)

**End of Document**        © 2018 Thomson Reuters. No claim to original U.S. Government Works.